IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY CHRISTINE GAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner for | : | |
| Social Security | : | NO. 22-1612 |

**O P I N I O N**

SCOTT W. REID                                                                    DATE:  September 8, 2022
UNITED STATES MAGISTRATE JUDGE

Gay brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  She has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that the Request for Review should be denied and judgment entered in favor of the Commissioner.

I.        *Factual and Procedural Background*

Gay was born on December 11, 1986.  Record at 230.  She completed high school and obtained an associate degree.  Record at 45-6.  She worked for many years as a salesclerk in an office supply store.  Record at 264.  On May 20, 2019, Gay filed applications for DIB and SSI.  Record at 230, 234.  She asserted disability beginning March 30, 2018, as a result of complex regional pain syndrome, sciatica, depression, and anxiety.  Record at 230, 263.

Gay's applications were denied on September 23, 2019.  Record at 147, 152.  On May 27, 2020, they were denied again upon reconsideration.  Record at 159, 163.  Gay then requested a hearing *de novo* before an Administrative Law Judge ("ALJ").  Record at 172.  A hearing was held on October 27, 2020.  Record at 37.  On January 25, 2021, however, the ALJ issued a

written decision denying benefits. Record at 15. The Appeals Council denied Gay's request for review on March 2, 2022, permitting the ALJ's decision to serve as the final decision of the Commissioner of Social Security. Record at 1. Gay then filed this action.

II. *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record.  *Id*.  The RFC assessment reflects the most an individual can still do, despite any limitations.  SSR 96-8p.

The final two steps of the sequential evaluation then follow:

> (iv)  At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.  (v)  At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make the adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.    *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ determined that Gay suffered from the severe impairments of an anxiety disorder, an affective disorder, complex regional pain syndrome, left knee patella instability, osteoarthritis of the right knee, mild lumbar spondylosis, and obesity.  Record at 18.  She determined that none of Gay's impairments, and no combination of impairments, met or equaled a listed impairment.  *Id*.

The ALJ determined that Gay retained the RFC to perform sedentary work with the following limitations:

> [S]he can occasionally lift 10 pounds, and frequently lift and/or carry 5 pounds.  She can stand and/or walk for a total of about 2 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday.  She can occasionally push/pull but never with the left lower extremity.  She can occasionally perform postural maneuvers, except never climbing ladders, ropes, or scaffolds, kneeling or crawling.  She must avoid concentrated exposure to hazardous machinery, unprotected heights, wetness, and vibration.  The claimant can understand, carry out, and remember simple and detailed but uninvolved instructions in two hour increments sufficiently enough to complete an eight hour workday in an environment that does not require fast paced or production pace work.  She can have

frequent but not constant interaction with coworkers, the general public, and supervisors. She may use a cane for ambulation but can carry up to ten pounds with the free hand. Record at 22.

Relying upon the testimony of a vocational expert who appeared at the hearing, the ALJ determined that Gay could perform such jobs as order clerk, laminator, inspector of circuit boards, or charge account clerk. Record at 29-30. She decided, therefore, that Gay was not disabled. Record at 30.

In her Request for Review, Gay does not challenge the physical limitations imposed by the ALJ. She argues, however, that the ALJ erred in evaluating the opinions of mental health experts Michael Schuman, Ph.D., John Vigna, Psy.D., and Marci Cloutier, Ph.D., who found that she had moderate limitations in certain areas. She also argues that the ALJ erred in accepting the finding of these experts that she was limited to work requiring only short and simple instructions, but then failing to include that limitation in her RFC determination.

IV.   *Discussion*

    A.   *The ALJ's Assessment of the Mental Health Evidence*

Psychologist Michael Schuman, Ph.D., met with Gay on August 27, 2019. Record at 958. He found that she had coherent and goal directed thought processes, with no evidence of hallucinations, delusions or paranoia during the evaluation. Record at 960. He described her cognitive functioning as average. *Id*. Her attention, concentration, and recent and remote memory were all mildly impaired "due to emotional distress secondary to physical pain." *Id*. Insight and judgment were found to be "fair." Record at 960-1. Dr. Schuman diagnosed Gay with anxiety and depression, as well as a substance abuse disorder by report, involving the use of prescription pain killers. Record at 961.

In a Medical Source Statement (Mental) form, Dr. Schuman indicated that Gay was not limited in her ability to understand, remember, and carry out simple instructions. Record at 963. She was mildly limited in the ability to understand and remember complex instructions. *Id*. However, she was moderately limited in the ability to carry out complex instructions, and to make judgments on complex work-related decisions. *Id*. He also checked off that Gay would have moderate limitations in the ability to "respond appropriately to usual work situations and to changes in a routine work setting." Record at 964.

The ALJ found Dr. Schuman's report to be "mostly persuasive." Record at 27. However, she wrote:

> The moderate limitations in making judgments or responding to work changes are not fully consistent with the claimant's functional ability to manage herself, as discussed in detail above; nevertheless, I have accommodated any problems in this domain by limiting the claimant to no fast or production paced work.

Record at 28.

Similarly, John Vigna, Ph.D., the non-examining agency mental health expert who reviewed Dr. Schuman's report and the other pertinent evidence, indicated with respect to the "B criteria" of the listings that Gay was moderately limited in her ability to adapt or manage herself. Record at 98. Marci Cloutier, Ph.D., the non-examining agency psychologist who reviewed Gay's records on reconsideration, made the same finding. Record at 117.

Although the ALJ found the reports from Dr. Vigna and Cloutier "somewhat persuasive", she rejected their conclusion that Gay had moderate restrictions in adapting or managing herself. Record at 28. She wrote: "[F]inding mild limitations for adapting and managing oneself is more consistent with the evidence as a whole, including the claimant's appropriate dress, behavior, temperament, insight, and judgment, as discussed above when addressing the paragraph B criteria." *Id*.

Gay argues that the ALJ erred in finding she was only mildly limited in her ability to adapt and manage herself.  Even if Gay were correct, there would be no need to remand this case for changes to the ALJ's decision.  As above, even though the ALJ did not accept Dr. Schuman's finding of moderate limitations in her ability to respond appropriately to usual work situations and to changes in a routine work setting, she went on to say:  "nevertheless I have accommodated any problems in this domain by limiting the claimant to no fast or production paced work."  Record at 28.  The ALJ also limited Gay to work requiring simple or uninvolved instructions, and limited contact with others.  *Id*.

As for Drs. Vigna and Cloutier, they explicitly found that Gay could work within the limitations imposed by the ALJ.  Dr. Vigna wrote:  "Due to the ability to understand and remember one and two-step instructions, the clamant is able to perform simple, routine tasks in a stable environment."  Record at 86.  Dr. Cloutier repeated this opinion.  Record at 124.

Gay herself states that "a limitation to one to two-step instructions is most consistent with a GED reasoning level of 2."  Request for Review at 16, *citing Barzyk v. Saul*, Civ. A. No. 18-2262, 2020 WL 1272511 at *13 (M.D. Pa. Feb. 18, 2020), *report and recommendation adopted* 2020 WL 11244591 (M.D. Pa. Mar. 16, 2020).  She also concedes that three of the jobs identified by the ALJ have a GED reasoning level of 2.  *Id*.  Therefore, even if the ALJ accepted the moderate limitations proposed by the mental health experts, she could have issued an identical decision.  Accordingly, Gay has not shown a basis for relief.  Remand is not required where it would not affect the outcome of a case.  *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Further, Gay is incorrect in stating that the ALJ's decision regarding her ability to manage herself "provided no insight" into its "supportability."  *Request for Review* at 6.  As set

forth above, the ALJ relied upon her assessment of the "B criteria" in her consideration of the Listings.  Record at 28.  This assessment was well supported by citations to the record:

> Finally, the claimant has mild limitations in her ability to adapt or manage herself.  The claimant asserted that she has difficulties handling stress and managing her moods. (Exhibits 3E; 4E; Testimony). The records show that the claimant has variable moods (Exhibits 11F/5, 14, 22; 13F/3; 6F/1; 22F/8), but also often note normal mood and affect (Exhibits 4F/4; 5F/6, 121, 126; 8F/69; 11F/15; 15F/5, 9, 16).  The objective evidence in the record showed the claimant to have appropriate grooming and hygiene (Exhibits 8F/62, 68; 13F/3), and normal insight and judgment (Exhibits 4F/4; 8F/63, 69; 13F/304; 15F/5, 9, 16).  There is also no reference to any issues with mood regulation or temper control (Exhibits 3F-17F, 19F-24F).  When evaluating the record as a whole, the claimant's ability to function in this area independently, appropriately, and effectively on a sustained basis is only slightly limited.  Thus, no more than mild limitations are supported by the record.

Record at 21.

Further, the ALJ's citations are accurate.  Record at 432 (February 26, 2019, orthopedist appointment:  "Alert and oriented x3, in no apparent distress today.  Normal affect and mood today in the office, exercises appropriate judgment"); 444 (November 8, 2018, emergency room visit: "Alert.  Oriented x3.  No acute distress); 126 (March 8, 2019, emergency room visit:  "She is oriented to person, place, and time. ... No distress"); 795 (April 25, 2018, visit with pain management physician:  "Psychiatric:  Level of orientation:  normal to time, place person and situation; Judgment and insight:  normal; Mood and affect:  normal and appropriate to the situation; Pain behaviors:  none or proportional; Attitude during interview:  cooperative"); 980 (December 4, 2019, orthopedist appointment:  "She has a normal mood and affect.  Her behavior is normal.  Judgment and thought content normal"); 984 (October 2, 2019, orthopedist appointment:  "She has a normal mood and affect.  Her behavior is normal.  Judgment and thought content normal"); 991 (February 26, 2019, orthopedist visit:  "Normal affect and mood today in the office, exercises appropriate judgment").

Even at psychiatric visits, Gay's mental state was not described as grossly abnormal.  As above, Dr. Schuman wrote that Gay had coherent and goal directed thought processes with no evidence of hallucinations, delusions or paranoia, and only mildly impaired attention, concentration and memory.  Record at 960.  Thomas Wind, D.O., a psychiatrist who prescribed Gay's medications wrote as recently as May 1, 2020, that she had anxiety which was sometimes extreme, but no hallucinations, delusions, behavior or impulse control issues, thought disorders, panic attacks, or OCD.  Record at 1002. *See also* Record at 946 (similar October 4, 2017, note from Dr. Wind).

As the ALJ noted, Gay was also reported to have appropriate grooming and hygiene. Record at 788 and 794 (April 25 and May 17, 2018, pain management appointments: "Well developed, well-nourished and groomed"); 960 (Dr. Schuman's August 7, 2019, report: "Mode of dress was appropriate.  Personal hygiene and grooming were good").

This is not to discount Gay's severe depression and anxiety, which were acknowledged by the ALJ.  Record at 18.  There was some evidence that they were caused by her physical pain. Record at 955 (Amy Fantalis, MS, a former therapist, wrote: "Her chief complaint was depression, stemming from her chronic pain her left knee/leg").  There was also evidence that Gay's mental state affected her pain reactions.  *See*, *e.g.*, Record at 811, 844, 856.[1]

---

[1] This was noted several times in physical therapy.  On October 8, 2016: "Pt presented with inconsistencies in reported functional abilities and functional abilities demonstrated during initial session.  Despite pt report of inability to sit for more than 5 minutes absent incr in pain/sx, pt demonstrated to sit for [around] 1 hour during subjective interview with minimal position changes and no c/o incr in pain/sx"; many other inconsistencies were noted as well.  "At conclusion of IE, pt educated on the potential influence that fear and avoidance may have on her condition."  Record at 856.  On March 27, 2019: "Atypical Pain Behavior:  Pt displayed high anxiety/fear of pain throughout examination … Pt unable to tolerate transferring out of chair … due to pain.  However, upon termination of session, pt stood from chair and ambulated out of clinic with [cane] requiring no supervision for safety."  Again, on April 16, 2019, "Pt noted to move left knee through full ROM while completing seated exercises … When therapist attempted knee mobilization pt immediately tensed up and reported pain.  She also reported pain with light touch on her back."  Record at 844.  "She was also observed walking in gym with [single point cane] without antalgic gait and also able to complete full forward trunk flexion while retrieving items from the floor … Patient exhibits severe atypical pain behavior in response to treatment…".  *Id*.

8

Nevertheless, the repeated observations by Gay's treating doctors that she had a normal mental state and appearance show that, despite her atypical pain behavior, she was able to mediate public situations and adapt herself to normal societal expectations.  Although the ALJ did not quote all of the material upon which she relied, her citations to it demonstrated the existence of substantial evidence which supported her conclusion that Gay's impairment in managing herself was no more than minor.

B.     *Short and Simple Instructions*

Daly argues that the ALJ erred in failing to accept the opinion of the reviewing agency mental health experts that she could perform only work involving short and simple instructions. As above, the ALJ specified that Daly could only do work involving simple, or "detailed but uninvolved instructions."

However, as noted above, three of the jobs identified by the ALJ as suitable for Daly had a Level 2 reasoning level.  A Level 2 reasoning level is generally considered to be consistent with a limitation to short and simple instructions.  *See*, *Pascarello v. Berryhill*, Civ A. No. 18-3406, 2019 WL 228823 at *8, n. 7 (E.D. Pa. May 28, 2019), *citing Money v. Barnhart*, 91 F.App'x 210, 215 (3d Cir. 2004); *Torres v. Colvin*, Civ. A. No. 15-3973, 2016 WL 740745 at *12 (E.D. Pa. Nov. 30, 2016), *approved and adopted* 2016 WL 7394517 (E.D. Pa. Dec. 21, 2016).  Here again, therefore, even if Gay's argument is accepted as correct, there is no need to remand this matter, because the ALJ has already identified work consistent with this limitation. Thus, this change to the RFC assessment would not affect the outcome of the case.  *Rutherford*, *supra*.

V.	*Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be DENIED, and judgment entered in favor of the Commissioner.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE